IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAYMOND HUNT,

    **Plaintiff,**

v.

WORLD OMNI FINANCIAL
CORPORATION, EXPERIAN
INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES,
LLC and TRANSUNION, LLC,

    **Defendants.**

Case No.:

TRIAL BY JURY DEMANDED

## COMPLAINT

COMES NOW Raymond Hunt, by and through his undersigned attorney, and for his Complaint against the Defendants named above states as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331 and 15 U.S.C. §1681p.

### VENUE

Venue is proper in this District because the events upon which Plaintiff's claims are based took place, in substantial part, in this District.

### PRELIMINARY STATEMENT

Plaintiff's claims arise from the reporting of false reporting and derogatory credit information World Omni Financial Corporation ("World Omni") regarding a car loan which Plaintiff co-signed for his daughter. The loan was paid in full in March 2015 and the lien was released. World Omni nevertheless reported the loan as "charged off" with unpaid balance,

which is false.  Plaintiff has also repeatedly submitted written disputes to the major credit bureaus, including Defendants Experian Information Solutions, Inc., Transunion, LLC and Equifax Information Services, LLC ("CRA Defendants"), as well as letters directly to World Omni. Plaintiff included with his dispute letters documents confirming the satisfaction of the loan. Despite the fact that its own records, in addition to those provided by Plaintiff, showed that the information being reported was false, World Omni refused to correct its reporting.   World Omni and each of the CRA Defendants was required to conduct a reasonable investigation of Plaintiff's disputes and correct the false or unverifiable information.  Defendants failed to conduct any reasonable investigation and wrongfully verified the false and derogatory information.  Plaintiff brings claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, for Defendants' false reporting; for failure to properly investigate and respond to Plaintiff's dispute and for failing to remove the false and derogatory credit information from Plaintiff's credit file.

## PARTIES

1. Plaintiff is an adult resident of Mobile County, Alabama.

2. Defendant World Omni Financial Corporation ("World Omni") is a corporation formed outside of the State of Alabama, with its principal place of business in the State of Florida.

3. Defendant Experian Information Solutions, Inc. ("Experian") is a corporation formed under the laws of the State of Ohio, with its principal place of business in the State of Ohio. Experian is a "consumer reporting agency" as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in § 1681a(d) of the FCRA, to third parties.

4. Defendant TransUnion, LLC ("TransUnion") is a corporation formed under the laws of the State of Delaware, with its principal place of business in the State of Illinois.

2

TransUnion is a "consumer reporting agency" as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in §1681a(d) of the FCRA, to third parties.

5.  Equifax Information Services, LLC ("Equifax") a limited liability company founded in the State of Georgia, with its principal place of business in Georgia. Equifax is a consumer reporting agency as defined in FCRA. Equifax regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

6.  Defendants Experian, Equifax and TransUnion are sometimes referred to herein collectively as "CRA Defendants" or individually as "CRA Defendant."

## BACKGROUND FACTS

7.  Plaintiff is a sixty-three (63) year-old resident pf Mobile County. He is a retired Unites States Army Tank Commander who resides with his wife in Mobile, Alabama.

8.  In June 2008, Plaintiff purchased a vehicle for his daughter through a local dealership in Mobile. The loan was subsequently assigned to World Omni, who has acted as the creditor and lender with respect to the loan. In March 2015, Plaintiff contacted World Omni and requested a pay-off amount. He was provided a quote and paid that amount in full. In August 2015, the auto lien was released, and the release was noted on the vehicle title document.

9.  In 2018, Plaintiff realized that World Omni continued to report information to the major credit bureaus indicating that the loan had been charged-off beginning in March 2015 and that an unpaid balance was owed. The status of the account was reported as "paid in full / was a charge-off." That is incorrect because the loan had not been charged-off at the time it was satisfied and there should be no outstanding balance owed as Plaintiff paid the full amount quoted as a pay-off.

3

10. Beginning in June 2018, Plaintiff submitted a series of written disputes to the CRA Defendants and to World Omni directly challenging the accuracy of this information. Plaintiff's latest dispute was submitted to the CRA Defendants on January 16, 2019 and included documents from World Omni's own records, as well as a copy of the vehicle title which included the signed lien release by World Omni. In these dispute letters, Plaintiff explained that the loan had been paid off in full and that the lien had been released.

11. Each of Plaintiff's credit reporting disputes was forwarded to World Omni by the CRA Defendants. The dispute letters, together with the information in its own file, provided ample evidence to World Omni that the disputed credit reporting was false. World Omni nevertheless verified the reporting to the CRA Defendants, knowing that this would result in continued false information reported on Plaintiff's credit file. Defendants also knew, or should have known, that this false reporting would cause Plaintiff financial harm. Moreover, World Omni continued furnishing the false and derogatory information to credit bureaus, including the CRA Defendants, with the knowledge that such information was false or, at a minimum, could not be verified through any reliable account records.

12. Plaintiff received responses from the CRA Defendants to each of his disputes. In each response, the CRA Defendants verified the false reporting and continued to report the accounts as being "charged-off," with delinquencies beginning March 2015 and continuing to January 2019.

13. The information provided by Plaintiff to the CRA Defendants conclusively demonstrates that the information reported by World Omni is false and unreliable, and that any reliance on World Omni's verification is unreasonable. World Omni did not provide the CRA Defendants with any information or documents refuting the evidence provided by Plaintiff, and its response to the CRA Defendants was limited to an unsubstantiated bare statement that the

4

information reported was correct.

14. The CRA Defendants failed to perform any reasonable independent investigation of Plaintiff's disputes and the information provided in support of that dispute. The CRA Defendants' decision to rely on bare and unsubstantiated statement by World Omni, in the face of the information provided by Plaintiff, was unreasonable and constitutes a failure to perform the duties required under the FCRA. CRA Defendants continued reporting the false and derogatory information to the credit bureaus, with the knowledge that such information was false or, at a minimum, had not been verified through any reliable account records.

15. Each of Plaintiff's dispute letters constitutes as a "consumer dispute" as defined by FCRA, and each dispute triggered the requirements set out in 15 U.S.C. § 1681i and 1681s-2(b).

16. World Omni failed to perform any reasonable investigation of Plaintiff's disputes. World Omni verified the reporting and continued furnishing the false and derogatory information to the CRA Defendants with the knowledge that such information was false or, at a minimum, could not be verified through any reliable records.

17. The false and derogatory information reported regarding the World Omni loan is lowering Plaintiff's credit score and has caused him to be denied credit.

18. Plaintiff has suffered damages proximately resulting from the failure by World Omni and the CRA Defendants to properly investigate his disputes and cease the false reporting relating to his loans. The damages suffered by Plaintiff include, but are not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

19. The harm suffered by Plaintiff as a proximate result of Defendants' wrongful acts, as described herein, constitutes injury-in-fact and bears a close relationship with the types of harm for which the law has traditionally allowed redress under common law claims for breach of

mortgage, accounting, fraud, defamation, liable, invasion of privacy, wanton collections, negligence and willfulness.

## COUNT ONE
### (FCRA VIOLATIONS BY WORLD OMNI)

20. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

21. This is a claim for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

22. Defendant World Omni furnishes "credit information" to "consumer credit reporting agencies" as those terms are defined by FCRA. World Omni is subject to requirements of FCRA, including those duties set out in 15 U.S.C. §1681s-2(b).

23. At all relevant times after March 2015, World Omni provided derogatory and false credit information to the CRA Defendants. This false and derogatory information was reported by the CRA Defendants to third parties, including Plaintiff's potential lenders and others in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation.

24. As stated above, Plaintiff repeatedly notified the CRA Defendants that he disputes the information being reported by World Omni. Upon information and belief, Plaintiff's disputes and all relevant information were forwarded to World Omni by each of the CRA Defendants as required by 15 U.S.C. § 1681i(a)(2).

25. Plaintiff's written disputes described herein constitute consumer disputes and each dispute triggered the requirements set out in 15 U.S.C. § 1681i and 1681s-2(b).

26. Information was available to World Omni that should have, upon any reasonable investigation, informed World Omni that the information it was furnishing the CRA Defendants

regarding Plaintiff's loans were false and/or unverifiable.

27. Despite its knowledge that the information being reported on Plaintiff's credit file was false and could not be verified by any reliable contract records, World Omni repeatedly verified the false and derogatory information as accurate, knowing that by doing so Plaintiff's creditworthiness would be damaged.

28. World Omni has taken actions which violate FCRA, specifically 15 U.S.C. §1681s- These actions include, but are not limited to, the following:

(a) Failing to fully, properly or reasonably investigate the Plaintiff's disputes of the reporting of the false and derogatory information;

(b) Failing to review all relevant information regarding Plaintiff's disputes and/or by disregarding that information after review;

(c) After receiving notice of Plaintiff's dispute, continuing to submit false and derogatory information to the CRA Defendants and other consumer reporting agencies regarding Plaintiff, knowing that the information was false, incomplete and/or not verifiable;

(d) Failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which World Omni knew to be false, incomplete and/or not verifiable;

(e) Failing to accurately respond to Plaintiff's disputes made through the CRA Defendants after receipt of that dispute.

29. As a proximate result of this conduct, Plaintiff has suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

30.     World Omni's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

31.     World Omni's acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment against Defendant World Omni for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT TWO
### (FCRA VIOLATIONS BY EXPERIAN, EQUIFAX AND TRANSUNION)

32.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

33.     This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendants Experian, Equifax and TransUnion pursuant to 15 U.S.C. § § 1681o and 1681n.

34.     Each of the CRA Defendants is a "consumer reporting agency" as that term is defined in FCRA.

35.     Each of the CRA Defendants has reported false and derogatory credit information on Plaintiff's credit report relating to the above-described World Omni loan.  This information was reported to third parties, including Plaintiff's potential lenders and others in a position to evaluate Plaintiff's creditworthiness, credit standing, credit capacity, character and general

reputation. This false and derogatory information was, at all relevant times, reported by the CRA Defendants to said third parties by a "consumer report" as that term is defined in the FCRA.

36. Plaintiff repeatedly notified the CRA Defendants that the information being reported on his credit file related to the World Omni loan was false and Plaintiff provided documentation supporting his dispute and his request that the information be removed.

37. Each of the CRA Defendants knew, or should have known, that the World Omni loan was satisfied and not "charged-off." Each of the CRA Defendants failed in its duty to reasonably investigate Plaintiff's disputes and have merely parroted the false information supplied by World Omni, without performing any meaningful or reasonable independent investigation. As a result, the false and derogatory information was repeatedly verified and has remained on Plaintiff's credit file. Each of the CRA Defendants also failed to properly respond to the Plaintiff's dispute as required under the FCRA.

38. CRA's failed to comply with the requirements of the FCRA in one or more of the following ways:

   (a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

   (b) By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including, but not limited to, the willful and/or negligent failure to conduct any reasonable reinvestigation to determine wherein the disputed information was accurate, complete and verifiable;

   (c) By willfully and/or negligently failing to delete information which each of the CRA Defendants knew or, had any reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified;

(d) By failing to properly respond to Plaintiff's disputes as required by 15 U.S.C. § 1681;

(e) By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiff.

39. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

40. The CRA Defendants' acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

41. The CRA Defendants' acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** Plaintiff requests that this Court enter separate judgments against Experian, Equifax and TransUnion for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN.**

Respectfully submitted this the 11th day of March, 2019.

_____
KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
UNDERWOOD & RIEMER, P.C.
166 Government Street, Suite 100

Mobile, Alabama 36602
Phone: (251) 432-9212
Email: kjr@alaconsumerlaw.com

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL TO THE FOLLOWING:**

WORLD OMNI FINANCIAL CORPORATION
C/O C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

TRANSUNION, LLC
C/O PRENTICE-HALL CORPORATION SYSTEM INC.
150 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104

EQUIFAX INFORMATION SERVICES, LLC
C/O CORPORATION SERVICE COMPANY INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

EXPERIAN INFORMATION SOLUTIONS, INC.
C/O C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104